IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS KELLY MCGINNIS, #A4013561,<br><br>             Plaintiff,<br><br>     vs.<br><br>HALAWA CORRECTIONAL FACILITY, *et al.*,<br><br>             Defendants. | CIVIL NO. 20-00567 DKW-KJM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is Plaintiff Thomas Kelly McGinnis' ("McGinnis") First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.[1]  ECF No. 4.  McGinnis alleges that Defendants,[2] prison officials at the Halawa Correctional Facility ("HCF"), violated the Eighth and Fourteenth Amendments by failing to protect him from harm, denying him medical care, using excessive force, and providing intolerable conditions of confinement.  *Id.* at

---

[1]McGinnis filed his Complaint on December 18, 2020.  ECF No. 1.  Before the Court screened the Complaint, however, McGinnis filed the FAC on December 30, 2020.  ECF No. 4. The FAC supersedes the Complaint and renders it without legal effect.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

[2]McGinnis names as defendants "Public Safety," the Halawa Correctional Facility, "Medical Care Office," "All Supervisors and Nurses," ACO Tavale, Head Nurse Christina, and "All Staff."  ECF No. 1 at PageID # 33.  Because McGinnis does not name Nurse April as a defendant in the FAC, as he purported to do in his original Complaint, she is TERMINATED.

PageID ## 36–38.  For the following reasons, the Complaint is DISMISSED with partial leave to amend, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  ALLEGATIONS[3]

McGinnis alleges in Count I that:  (1) he was pushed four times in the infirmary while he was handcuffed; (2) unspecified ACOs "badly injured" him; (3) he received improper medical care in the infirmary; and (4) other inmates injured him.  ECF No. 4 at PageID # 36.

He alleges in Count II that:  (1) unidentified nurses did not give him results of a test on his liver; (2) he did not receive the results of an August 2020 COVID-19 screening test; and (3) he did not see a doctor "for a long time" after he fell down some stairs.  *Id.* at PageID # 37.

McGinnis alleges in Count III that:  (1) an unidentified ACO pushed him in the infirmary; (2) unspecified staff treated him "very poorly" and gave him "improper medicines"; (3) he was assaulted; (4) unnamed ACOs beat him up; and (5) his cell had "unhealthy conditions" and "cold floors."  *Id.* at PageID # 38.

## III.  DISCUSSION

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and

---

[3]McGinnis's factual allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). A plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.   Eleventh Amendment Immunity

McGinnis names as Defendants "Public Safety" and the HCF. ECF No. 1 at PageID # 33.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin

alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against "Public Safety" and the HCF are barred by the Eleventh Amendment.  *See Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").  McGinnis's claims against "Public Safety" and the HCF are DISMISSED with prejudice.

Likewise, any claim for money damages against Defendants in their official capacities are barred by the Eleventh Amendment; those claims are also DISMISSED with prejudice.  *See Aholelei*, 488 F.3d at 1147 (noting that the Eleventh Amendment bars suits for money damages in federal court against state officials acting in their official capacities).

## C.     Supervisory Liability

McGinnis also names as Defendants "All Supervisors."  ECF No. 1 at

PageID # 33.

"Government officials may not be held liable for the unconstitutional

conduct of their subordinates under a theory of respondeat superior."  *Iqbal*, 556

U.S. at 676; *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014) ("Neither

state officials nor municipalities are vicariously liable for the deprivation of

constitutional rights by employees."). "Because vicarious liability is inapplicable to

. . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."  *Iqbal*,

556 U.S. at 676; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012)

("[E]ach government official, his or her title notwithstanding, is only liable for his

or her own misconduct." (internal quotation marks omitted and alteration in

original)).

Although McGinnis includes "All Supervisors" in the caption of the FAC,

he does not say how any supervisor, by his or her own actions, violated the

Constitution.  McGinnis' claims against any official based solely on his or her

supervisory position are DISMISSED with prejudice.

**D.    Rule 8**

Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Violations of Rule 8, which may occur in multiple ways, warrant dismissal.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  The rule is violated, for instance, both when a pleading "says *too little*" and when a pleading "says *too much*."  *Id.*

Here, the Court cannot discern who allegedly harmed McGinnis.  Although McGinnis claims that "they" violated his civil rights, "ACOs" injured him, and "guards and inmates" assaulted him, he does not specifically identify who harmed him.  ECF No. 1 PageID # 36 –38.  Moreover, the Court cannot tell if the various claims in Counts I, II, and III are based on the same events or separate incidents.  *See Bautista v. L.A. Cty.*, 216 F.3d 837, 840 –41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.").  Finally, the FAC fails to describe adequately the complained-of conduct and when it allegedly occurred.  Counts I, II, and III fail to comply with Rule 8 and are DISMISSED with leave to amend.  *See Nevijel v. N. Coast Life Ins., Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming Rule 8 dismissal of complaint that was "confusing and conclusory"); *Howell v. Clans*, 816 F. App'x

118, 119 (9th Cir. 2020) (affirming Rule 8 dismissal of pleading that was vague and confusing).

## E.   Eighth Amendment

If McGinnis chooses to file an amended pleading, he must consider the following legal standards.  The FAC refers to both the Eighth and Fourteenth Amendments in attempting to assert various claims related to McGinnis' incarceration at the HCF.  ECF No. 1 at PageID ## 36–38.  Because McGinnis is a convicted prisoner, rather than a pretrial detainee, however, his claims are governed by the Eighth Amendment, not the Fourteenth Amendment.  *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

"[T]he Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'"  *Id.*

## 1.    *Threat to safety*

McGinnis claims that other inmates assaulted him.  ECF No. 1 at PageID

# 37.  Prison officials have a duty to protect prisoners from violence at the hands of

other prisoners.  *Farmer*, 511 U.S. at 833.  As the Supreme Court has explained,

"[b]eing violently assaulted in prison is simply not part of the penalty that criminal

offenders pay for their offenses against society."  *Id.* at 834 (internal quotation

marks omitted).  "It is not, however, every injury suffered by one prisoner at the

hands of another that translates into constitutional liability for prison officials

responsible for the victim's safety."  *Id.*

A prison official violates the Eighth Amendment only when two

requirements are met.  First, the deprivation alleged must be, objectively,

sufficiently serious—that is, "a prison official's act or omission must result in the

denial of 'the minimal civilized measure of life's necessities[.]'"  *Id.*  For a claim

based on a failure to prevent harm, the inmate must show that he was incarcerated

under conditions that posed a substantial risk of serious harm.  *Id.*  Second, the

inmate must show that a prison official acted with "deliberate indifference" to his

or her safety.  *Id.*  Deliberate indifference describes a state of mind more

blameworthy than negligence.  *Id.* at 835.  "[A] prison official cannot be found

liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Although McGinnis claims that other inmates assaulted him, ECF No. 1 a PageID at ## 36–37, he does not allege that he faced a substantial risk of serious harm.  Nor does he allege that a prison official knew of and disregarded an excessive risk to his safety.

### 2.    *Denial of Medical Care*

McGinnis also claims that he was denied adequate medical care.  ECF No. 1 at PageID ## 36–38.  Prison officials must ensure that inmates receive adequate medical care.  *Farmer*, 511 U.S. at 832.

"To establish a claim of inadequate medical care, a prisoner must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (internal quotation marks omitted).  "If . . . a prisoner establishes a sufficiently serious medical need, that prisoner must then show the [official's] response to the need was deliberately indifferent."  *Id.* at 786 (internal quotation marks omitted and brackets in original).  "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment."  *Id.*

"To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* (internal quotation marks omitted and brackets in original).

To the extent McGinnis simply disagrees with any treatment that he received, ECF No. 1 at PageID # 36 (claiming that McGinnis did not receive the "right" medical care), he cannot state a claim under the Eighth Amendment. *See Toguchi v. Ching*, 391 F.3d 1051, 1058 (9th Cir. 2004) (noting that a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference). To the extent McGinnis claims that his medical care was merely delayed, ECF No. 1 at PageID # 37 (claiming that he did not see a doctor "for a long time"), he fails, without more, to state a claim. McGinnis does not say when he fell down the stairs, what injuries he suffered, how long he had to wait to see a doctor, or how the delay caused him injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 76 F.2d 404, 407 (9th Cir. 1985) ("[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference; . . . [inmate] would have had no claim for deliberate medical indifference unless the denial was harmful.").

### 3.      *Excessive Force*

McGinnis claims that ACOs assaulted him.  ECF No. 1 at PageID ## 36–38.

Prison officials may not use excessive physical force against prisoners.  *Farmer*,

511 U.S. at 832.

"[T]he core judicial inquiry in excessive force cases is whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm."  *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018)

(internal quotation marks omitted).  "[A]n officer who harms an inmate as part of a

good-faith effort to maintain security has acted constitutionally, but an officer who

harms an inmate for the very purpose of causing harm has engaged in excessive

force, provided that the other elements of excessive force have been met."  *Id.*

(internal quotation marks omitted).  The other two elements of an Eighth

Amendment excessive force claim are the defendant used excessive and

unnecessary force under all of the circumstances; and the defendant's acts caused

the plaintiff harm.   *Id.* at 788 n.9; *see also Reid v. United States*, 825 F. App'x

442, 45 (9th Cir. 2020).

Although McGinnis claims that he was "badly injured" by ACOs, he does

not identify the ACOs allegedly involved, he does not say when the incidents

occurred, and he does not describe the nature of the incidents.  McGinnis also

claims that an unidentified ACO "pushed" him in the infirmary.  ECF No. 1 at

PageID # 38.  As the Supreme Court has said, however, "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

### 4. *Cell Conditions*

McGinnis also claims that he was housed in cells with "unhealthy conditions" and "cold floors."  ECF No. 1 at PageID # 38.  Although "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995), McGinnis fails to describe what conditions he experienced in his cell or how long they lasted.  To the extent McGinnis claims that his cell had "cold floors," "the Eighth Amendment guarantees adequate heating but not necessarily a comfortable temperature." *Graves v. Arapaio*, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (internal quotation marks omitted).  "One measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses a substantial risk of serious harm."  *Id.* McGinnis does not explain how the temperature of his floor posed a substantial risk of serious harm, particularly considering the location of HCF in Honolulu. Finally, McGinnis fails to explain how any prison official acted with deliberate

indifference regarding the "unhealthy conditions" in his cell or the temperature of cell's floor.

## IV.  <u>LEAVE TO AMEND</u>

The FAC is DISMISSED with partial leave to amend.  McGinnis may file an amended pleading on or before January 29, 2021 that attempts to cure the deficiencies in his claims.  McGinnis may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to the FAC are subject to dismissal.

McGinnis must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  If McGinnis fails to timely file a second amended complaint that cures the

deficiencies in his claims, this action may be dismissed, and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[4]

## V.  <u>CONCLUSION</u>

(1)  Nurse April is TERMINATED as a Defendant.

(2)  McGinnis' claims against "Public Safety" and the HCF are DISMISSED with prejudice.

(3)  Any claims for money damages against Defendants in their official capacities are DISMISSED with prejudice.

(4)  McGinnis' claims against "All Supervisors" based solely on their supervisory positions are DISMISSED with prejudice.

(5)  McGinnis' remaining claims are DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(6)  McGinnis may file an amended pleading that cures the deficiencies in his claims on or before January 29, 2021.

_____

[4]  Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

(7)  The Clerk is directed to send McGinnis a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to file an amended pleading.

(8)  If McGinnis fails to timely amend his pleading or is unable to cure the deficiencies in his claims, this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED:  January 12, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thomas Kelly McGinnis v. Halawa Correctional Facility, et al.*; Civil No. 20-00567 DKW-KJM; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND**