IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS KELLY MCGINNIS, #A401361,<br><br>        Plaintiff,<br><br>  vs.<br><br>HALAWA CORRECTIONAL FACILITY, *et al.*,<br><br>        Defendants. | CIVIL NO. 20-00567 DKW-KJM<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the court is Plaintiff Thomas Kelly McGinnis' ("McGinnis") Second Amended Prisoner Civil Rights Complaint ("SAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 10. McGinnis alleges that Defendants,[1] prison officials at the Halawa Correctional Facility ("HCF"), violated the Eighth Amendment to the United States Constitution by using excessive force and denying him medical care. *Id.* at 1–3, 5–7. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), with partial leave to amend.

---

[1]McGinnis names Adult Corrections Officer ("ACO") Tavale, Licensed Practical Nurse ("LPN") Christina, and Warden Espinda in their individual and official capacities. ECF No. 10 at 1–2. McGinnis also includes the HCF as a defendant in the caption of the SAC. *Id.* at 1.

# I. **SCREENING**

The court is required to conduct a pre-Answer screening of any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, or in which a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a).  During this screening, the court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

In determining whether a complaint or any portion thereof should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b), the court applies the same standard as that under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12").  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018)

2

(per curiam).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See Iqbal*, 556 U.S. at 678.  Although this plausibility standard does not equate to a "probability requirement," "it asks for more than sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8") when screening a complaint.  Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citation omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam). Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted). Nor do district court judges have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

The court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Before dismissing a pro se complaint, the court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

## II.  MCGINNIS' CLAIMS[2]

McGinnis alleges in Count I that ACO Tavale "push[ed]" him in the chest in May 2019, while McGinnis was handcuffed and showering.  ECF No. 10 at 1, 5. According to McGinnis, ACO Tavale's push caused him to fall to the floor and hit his head.  *Id.* at 1, 5.  He further claims that ACO Tavale denied him medical care after the incident.  *Id.* at 5.  McGinnis alleges in Count II that LPN Christina has denied him medical care since he arrived at the HCF in March 2019, despite his "serious heart and liver conditions."  *Id.* at 2, 6.  According to McGinnis, LPN Christina and other staff members "just laugh[ed] at [him.]"  *Id.* at 6.  Finally, McGinnis alleges in Count III that Warden Espinda "has not done anything" for McGinnis during his incarceration at the HCF.  *Id.* at 7.  McGinnis seeks $800,000 in damages.  *Id.* at 8.

## III.  DISCUSSION

### A.  Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state

---

[2]McGinnis' factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).  "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## B.  The Halawa Correctional Facility is not a "person"

McGinnis names the HCF as a defendant in the SAC's caption.  ECF No. 10 at 1.  The HCF, however, is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 822–23 (9th Cir. 1969) (concluding that state prison was not a "person" for purposes of 42 U.S.C. § 1983); *see also Kehano v. Harrington*, No. 20-00013 SOM-KJM, 2020 WL 826033, at *4 n.7 (D. Haw. Feb. 19, 2020) ("HCF is a prison and cannot be considered a person

within the meaning of § 1983.").  McGinnis' claims against the HCF are therefore DISMISSED with prejudice.

## C.  Eleventh Amendment

McGinnis names ACO Tavale, LPN Christina, and Warden Espinda in both their individual and official capacities.  ECF No. 10 at 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  Nor does it bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

McGinnis' claims for money damages against ACO Tavale, LPN Christina, and Warden Espinda in their official capacities are barred by the Eleventh Amendment and DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages

against a state official acting in his or her official capacity.").  The Eleventh Amendment does not bar McGinnis' claims for money damages against these Defendants in their individual capacities.  *Id.* (noting that the Eleventh Amendment "does not . . . bar claims for damages against state officials in their *personal* capacities").[3]

## D.  Eighth Amendment

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  It imposes duties on prison officials to "provide humane conditions of confinement[.]"  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]"  *Farmer*, 511 U.S. at 832–33 (internal quotation marks and citations omitted); *Foster*, 554 F.3d at 812.

### 1.  Excessive force

McGinnis alleges in Count I that ACO Tavale used excessive force against him.  ECF No. 10 at 5.  McGinnis claims that ACO Tavale "push[ed]" him in the

---

[3]McGinnis does not seek to enjoin alleged ongoing violations of federal law.

chest in May 2019, while McGinnis was handcuffed and showering. *Id.* at 1, 5. According to McGinnis, ACO Tavale's push caused him to fall and hit his head. *Id.* at 1, 5.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer*, 511 U.S. at 832. The Ninth Circuit has said that there are two general components to an Eighth Amendment excessive force claim: "(1) a 'subjective' inquiry into whether prison staff acted 'with a sufficiently culpable state of mind'; and (2) an 'objective component' that ask[s] whether 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The subjective inquiry "'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild*, 947 F.3d at 1140 (quoting *Hudson*, 503 U.S. at 6). The objective component is "'contextual and responsive to 'contemporary standards of decency.''" *Bearchild*, 947 F.3d at 1140 (quoting *Hudson*, 503 U.S. at 8).

The Ninth Circuit has also offered the following five factors that bear on the excessive force analysis in connection with a typical Eighth Amendment claim: (1) the extent of injury suffered by an inmate; (2) the need for application of force;

(3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Bearchild*, 947 F.3d at 1141.

McGinnis has not plausibly alleged an excessive force claim against ACO Tavale. Although McGinnis claims that ACO Tavale "push[ed]" him in the chest while McGinnis was handcuffed and showering, and McGinnis "hurt" his head, he does not describe the extent of his alleged injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) ("An inmate who complains of a ''push or shove'' that causes no discernible injury almost certainly fails to state a valid excessive force claim."). Moreover, McGinnis does not address if there was a need for ACO Tavale's use of force, the relationship between any such need and the force that ACO Tavale used, any threat that ACO Tavale may have perceived, and if ACO Tavale made any effort to temper his response. *See Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018) ("Put simply, officer intent . . . serves as the core dividing factor between constitutional and unconstitutional applications of force."). Without additional details, McGinnis has not sufficiently alleged that ACO Tavale acted "maliciously and sadistically to cause harm" or "in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6–7; *see Hoard*, 904 F.3d at 788 ("[A]n officer who harms an inmate as part of a good-faith effort to maintain security has acted constitutionally, but an officer who harms an inmate for the very

10

purpose of causing harm . . . has engaged in excessive force[.] (internal quotation marks and citation omitted)).  McGinnis' excessive force claim in Count I against ACO Tavale is DISMISSED, albeit with leave to amend.

### 2. Denial of Medical Care

McGinnis further alleges in Count I that ACO Tavale denied him medical care after he fell in the shower.  ECF No. 10 at 5.  McGinnis alleges in Count II that LPN Christina also denied him medical care the entire time he has been incarcerated at the HCF.  *Id.* at 2, 6.

"Individuals in state custody have a constitutional right to adequate medical treatment."  *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  "In order to prevail on a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Id.* (quotation marks omitted).

To meet the objective element, a plaintiff must demonstrate the existence of a serious medical need.  *Estelle*, 429 U.S. at 104.  Such a need exists if failure to

treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." *Edmo v. Corizon*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (quotation marks omitted). "Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (internal quotation marks omitted). "Serious medical needs can relate to physical, dental and mental health." *Edmo*, 935 F.3d at 785 (quotation marks omitted).

If a prisoner "establishes a sufficiently serious medical need, he must then show the [official's] response to the need was deliberately indifferent." *Edmo*, 935 F.3d at 786 (quotation marks omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference to a prisoner's medical needs must be "substantial." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081–82 (9th Cir. 2013). "Mere 'indifference,' 'negligence' or 'medical malpractice'" will not support a denial-of-medical-care claim. *Id.* at 1082. "Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Id.*

12

Regarding McGinnis' denial-of-medical-care claim in Count I against ACO Tavale, McGinnis has not alleged a serious medical need.  Although McGinnis claims that ACO Tavale "hurt [him] when [his] head hit [the] tile" in the shower, McGinnis does not describe the extent of his alleged injury.  ECF No. 10 at 5.  Nor does McGinnis allege that ACO Tavale's failure to treat the alleged injury could have resulted "in further significant injury" or caused "the unnecessary and wanton infliction of pain."  *See Edmo*, 935 F.3d at 785 (internal quotation marks and citations omitted).  Moreover, McGinnis does not allege that ACO Tavale was deliberately indifferent to his medical needs.  Indeed, McGinnis does not say what he told ACO Tavale about his medical needs, when he did so, or how ACO Tavale responded.  *See id.* at 786 ("An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment.").  McGinnis' denial-of-medical-care claim in Count I against ACO Tavale is DISMISSED with leave to amend.

Regarding McGinnis' denial-of-medical-care claim in Count II against LPN Christina, McGinnis also fails to state a plausible claim.  Although McGinnis says that he has "serious heart and liver conditions," he does not describe these alleged conditions or how they manifest.  *See* ECF No. 10 at 6.  More importantly, McGinnis has not plausibly alleged that LPN Christina was deliberately indifferent to a serious medical need.  Again, McGinnis does not say when he spoke with LPN

13

Christina, what he allegedly told her, or what she already knew. *See id.*
McGinnis' bare assertion that LPN Christina denied him medical care "since [he]
arrived at H.C.F." is not enough. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.
2006) (noting that the deliberate indifference standard is satisfied by showing "(a)
a purposeful act or failure to respond to a prisoner's pain or possible medical need
and (b) harm caused by the indifference."). To the extent McGinnis claims that he
did not receive the "right" medical care, "[a] difference of opinion between a
physician and the prisoner—or between medical professionals—concerning what
medical care is appropriate does not amount to deliberate indifference." *Snow v.
McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240,
242 (9th Cir. 1989)), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d
1076, 1083 (9th Cir. 2014) (en banc). McGinnis' denial-of-medical-care claim
against LPN Christina is DISMISSED with leave to amend.

**E.  Supervisory Liability**

McGinnis alleges in Count III that Warden Espinda "has not done anything
for [him]" during McGinnis' incarceration at the HCF. ECF No. 10 at 7.
There is, however, no *respondeat superior* liability under 42 U.S.C. § 1983.
*Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because
vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

14

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

"A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal quotation marks and citations omitted).

"Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to

state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).

It appears that McGinnis names Warden Espinda solely because of the warden's supervisory position at the HCF.  *See* ECF No. 10 at 7 (alleging that Warden Espinda "has not done anything" despite his position as the "head of H.C.F.").  McGinnis does not allege that Warden Espinda was personally involved in a constitutional deprivation.  Nor does he allege that Warden Espinda caused such a deprivation.  This, like many of McGinnis' other claims, is not sufficient. *See Ybarra v. Mee*, Civ. No. 20-00167 LEK-WRP, 2020 WL 6087631, at *7 (D. Haw. Oct. 15, 2020) ("An individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." (internal quotation marks and citation omitted)).  If McGinnis chooses to file an amended pleading, he must clarify how Warden Espinda was personally involved in a constitutional deprivation or how Espinda's conduct caused a constitutional injury. *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct." (internal quotation marks omitted and alteration in original)). McGinnis' claim in Count III against Warden Espinda is DISMISSED with leave to amend.

## IV. <u>LEAVE TO AMEND</u>

The Second Amended Complaint is DISMISSED with leave to amend.  If McGinnis wants to pursue his claims, he is required to file an amended pleading on or before May 26, 2021.  He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. <u>28 U.S.C. § 1915(g)</u>

If McGinnis fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1) The Second Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) McGinnis' claims against the Halawa Correctional Facility are DISMISSED with prejudice, as are his official capacity claims for damages against the individual defendants.  McGinnis' remaining claims are DISMISSED with leave to amend on or before May 26, 2021.

(3) The Clerk is DIRECTED to send McGinnis a blank prisoner civil rights complaint form so that he can comply with this order if he wants to pursue these claims.

//

//

//

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and McGinnis may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: April 28, 2021 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Thomas Kelly McGinnis v. Halawa Correctional Facility, et al.*; Civil No. 20-00567 DKW-KJM; **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND**