IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS KELLY MCGINNIS, #A4013561, | CIVIL NO. 20-00567 DKW-KJM |
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b) |
| vs. | |
| HALAWA CORRECTIONAL FACILITY, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Thomas Kelly McGinnis' ("McGinnis") Third

Amended Complaint ("TAC") brought pursuant to 42 U.S.C. § 1983.  ECF No. 14.

McGinnis alleges that Defendants,[1] prison officials at the Halawa Correctional

Facility ("HCF"), violated the First and Eighth Amendments to the United States

Constitution by using excessive force, threatening his safety, denying him medical

care, and mishandling his mail.  *Id.* at 4–6.  For the following reasons, the TAC

and this action are DISMISSED with prejudice pursuant to 28 U.S.C.

---

[1]McGinnis names Adult Corrections Officer ("ACO") Tavale in his or her official capacity.  ECF No. 14 at 1.  McGinnis also includes Licensed Practical Nurse ("LPN") April and LPN Christina in the caption of the TAC.  *Id.*  McGinnis does not say if he is suing LPN April and LPN Christina in their individual or official capacities.

§§ 1915(e)(2) and 1915A(b) for McGinnis' repeated failure to state a colorable claim upon which relief may be granted.

## I.    SCREENING

The Court is required to conduct a pre-Answer screening of any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, or in which a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a).  During this screening, the Court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

In determining whether a complaint or any portion thereof should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b), the Court applies the same standard as that under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12").  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See Iqbal*, 556 U.S. at 678.  Although this plausibility standard does not equate to a "probability requirement," "it asks for more than sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8") when screening a complaint.  Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citation omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Id.* (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The Court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt. *See Byrd*, 885 F.3d at 642. Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted). Nor do courts have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)). Courts may not dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati*, 791 F.3d at 1039.

## II.   **BACKGROUND**[2]

On December 18, 2020, McGinnis filed a Complaint alleging that he was: (1) "threatened," "[verbally] assaulted," and "physically assaulted"; (2) denied medical care; and (3) assaulted "physically [and] mentally" by prison officials at the HCF.  ECF No. 1 at 5–7.  Before the Court had an opportunity to screen the Complaint, McGinnis filed a First Amended Complaint ("FAC").  ECF No. 4.  In the FAC, McGinnis alleged that prison officials at the HCF:  (1) used excessive force against him; and (2) denied him medical care.  ECF No. 4 at 4–6.  The Court dismissed the FAC on January 12, 2021.  ECF No. 5.

McGinnis filed a Second Amended Complaint ("SAC") on April 22, 2021.  ECF No. 10.  In the SAC, McGinnis alleged that:  (1) ACO Tavale assaulted him; (2) LPN Christina denied him medical care; and (3) Warden Espinda did nothing to help him.  *Id.* at 5–7.  McGinnis also included the HCF in the caption of the SAC.  *Id.* at 1.

The Court dismissed the SAC on April 28, 2021.  ECF No. 12.  The Court concluded that McGinnis could not sue the HCF under 42 U.S.C. § 1983, and the Eleventh Amendment barred McGinnis' claims for money damages against ACO Tavale, LPN Christina, and Warden Espinda in their official capacities.  *Id.* at 6–8.

---

[2]McGinnis' factual allegations are accepted as true only for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

The Court further concluded that McGinnis failed to state an excessive force claim against ACO Tavale, he failed to state a denial-of-medical-care claim against ACO Tavale or LPN Christina, and he failed to state a claim against Warden Espinda. *Id.* at 8–16.  The Court gave McGinnis an opportunity to file a third amended pleading.  *Id.* at 17.

McGinnis filed a Third Amended Complaint ("TAC") on June 1, 2021.  ECF No. 14.  In Count I, McGinnis alleges that ACO Tavale used excessive force by pushing him in the chest.  *Id.* at 4.  McGinnis also claims in Count I that ACO Tavale referred to him as "a fag" in front of other inmates, threatened him, and told "other [ACOs]" to threaten him.  *Id.*  In Count II, McGinnis alleges that he was denied medical care at the HCF.  *Id.* at 5.  In Count III, McGinnis alleges that unidentified prison officials interfered with his mail.  *Id.* at 6.  McGinnis seeks $100 million in punitive damages and $100,000 in "individual damages."  *Id.* at 7. He also asks the Court to appoint counsel.  *Id.*; *see also* ECF No. 15.

### III.   <u>DISCUSSION</u>

### A.   **Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  Section 1983 also requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).

## B.    Eleventh Amendment

McGinnis names ACO Tavale in his or her official capacity.  ECF No. 1 at 1.  Although McGinnis also includes LPN April and LPN Christina in the caption of the TAC, he does not say if they are named in their individual or official capacities.  *See id.*

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Nor does it bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

McGinnis' claims for money damages against ACO Tavale in his or her official capacity are barred by the Eleventh Amendment and DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."). Likewise, to the extent McGinnis seeks money damages from LPN April and LPN Christina in their official capacities, those claims are also DISMISSED with prejudice. Even if McGinnis had named ACO Tavale, LPN April, and LPN Christina in their individual capacities, these claims would nevertheless be dismissed for the following reasons.[3]

---

[3]McGinnis does not seek to enjoin alleged ongoing violations of federal law.

C.      **Eighth Amendment**

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  It imposes duties on prison officials to "provide humane conditions of confinement[.]"  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]"  *Farmer*, 511 U.S. at 832–33 (internal quotation marks and citations omitted); *Foster*, 554 F.3d at 812.

1.      **Excessive force**

McGinnis alleges in Count I that ACO Tavale used excessive force against him.  ECF No. 14 at 4.  Specifically, McGinnis claims that ACO Tavale "pushed" him in the chest.  *Id.*

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners."  *Farmer*, 511 U.S. at 832.  The Ninth Circuit has said that there are two general components to an Eighth Amendment excessive force claim:  "(1) a 'subjective' inquiry into whether prison staff acted 'with a

sufficiently culpable state of mind'; and (2) an 'objective component' that ask[s] whether 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'"  *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  The subjective inquiry "'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"  *Bearchild*, 947 F.3d at 1140 (quoting *Hudson*, 503 U.S. at 6).  The objective component is "'contextual and responsive to 'contemporary standards of decency.''"  *Bearchild*, 947 F.3d at 1140 (quoting *Hudson*, 503 U.S. at 8).

The Ninth Circuit has identified the following five factors that bear on the excessive force analysis in connection with a typical Eighth Amendment claim: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.  *Bearchild*, 947 F.3d at 1141.

McGinnis has not plausibly alleged an excessive force claim against ACO Tavale.  Although McGinnis claims that ACO Tavale "pushed" him in the chest, he does not say when or why this happened, he does not describe the force of the alleged push, nor does McGinnis say what happened after he was pushed.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[N]ot every malevolent

touch by a prison guard gives rise to a federal cause of action." (internal quotation marks and citation omitted)).  While McGinnis states that his skull was "injured" and his ribs, face, and nose were "fractured," he also asserts that he had hepatitis C and he was previously injured at the Maui Community Correctional Center ("MCCC").  ECF No. 14 at 4.  The Court cannot discern what injuries McGinnis attributes to ACO Tavale's alleged conduct.  Moreover, McGinnis does not address if there was a need for ACO Tavale's use of force, the relationship between any such need and the force that ACO Tavale used, any threat that ACO Tavale may have perceived, and if ACO Tavale made any effort to temper his response.  *See Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018) ("Put simply, officer intent . . . serves as the core dividing factor between constitutional and unconstitutional applications of force.").  In light of these deficiencies, McGinnis fails to demonstrate whether ACO Tavale acted "maliciously and sadistically to cause harm" or "in a good-faith effort to maintain or restore discipline."  *Hudson*, 503 U.S. at 6–7; *see Hoard*, 904 F.3d at 788 ("[A]n officer who harms an inmate as part of a good-faith effort to maintain security has acted constitutionally, but an officer who harms an inmate for the very purpose of causing harm . . . has engaged in excessive force[.] (internal quotation marks and citation omitted)).  McGinnis' excessive force claim in Count I against ACO Tavale is DISMISSED with prejudice.

2. **Threat to safety**

McGinnis further alleges in Count I that ACO Tavale called him a "fag" in front of other inmates, threatened him, and told "other ACO's" to threaten him. ECF No. 14 at 4. The Court construes these allegations as a threat-to-safety claim.

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (internal quotation marks, citations, and ellipsis omitted); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc). For a claim based on a failure to prevent harm, the prisoner must allege that (1) he or she "is incarcerated under conditions posing a substantial risk of serious harm"; and (2) a prison official acted with "deliberate indifference" to his or her safety. *Farmer*, 511 U.S. at 834–35.

Regarding McGinnis' allegation that ACO Tavale called him a "fag," McGinnis does not say when or in what context ACO Tavale allegedly made this statement. *See Pac. Coast Fed'n of Fisherman's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019) ("Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (internal quotation marks and citations omitted)). McGinnis also does not claim that he faced a substantial risk of serious harm because of ACO Tavale's alleged statement. *See Cortez v. Skol*, 776 F.3d 104, 1050 (9th Cir. 2015) (noting that prison official's act must

cause a substantial risk of serious harm).  McGinnis does not claim that he was targeted for mistreatment because of ACO Tavale's statement, nor does he allege that other inmates at the HCF were harmed on account of their sexual orientation. Additionally, McGinnis fails to allege that ACO Tavale acted with deliberate indifference—that is, that ACO Tavale knew of and disregarded a substantial risk to McGinnis' safety.  If ACO Tavale made his statement only intending to insult McGinnis, that is not enough.  *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (recognizing that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment" (internal quotation marks and citation omitted)).

Regarding McGinnis' allegation that ACO Tavale threatened him and told other ACOs to threaten him, it is well established that "it trivializes the [Eighth Amendment] to believe a threat constitutes a constitutional wrong."  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987); *see also Williams v. Scribner*, 238 F.3d 433 (9th Cir. 2000) (unpublished) (noting that a mere threat does not state a cause of action under the Eighth Amendment).  McGinnis' threat-to-safety claim is DISMISSED with prejudice.

### 3.    Denial of Medical Care

McGinnis alleges in Count II and Count III that he was denied medical care at the HCF.  ECF No. 14 at 5–6.

"Individuals in state custody have a constitutional right to adequate medical treatment."  *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  "In order to prevail on a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Id.* (quotation marks omitted).

To meet the objective element, a plaintiff must demonstrate the existence of a serious medical need.  *Estelle*, 429 U.S. at 104.  Such a need exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain."  *Edmo v. Corizon*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (quotation marks omitted).  "Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

14

existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (internal quotation marks omitted). "Serious medical needs can relate to physical, dental and mental health." *Edmo*, 935 F.3d at 785 (quotation marks omitted).

If a prisoner "establishes a sufficiently serious medical need, he must then show the [official's] response to the need was deliberately indifferent." *Edmo*, 935 F.3d at 786 (quotation marks omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference to a prisoner's medical needs must be "substantial." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081–82 (9th Cir. 2013). "Mere 'indifference,' 'negligence' or 'medical malpractice'" will not support a denial-of-medical-care claim. *Id.* at 1082. "Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Id.*

McGinnis claims that he had hepatitis C, a "cracked" elbow, "face injuries," broken ribs, and a brain cyst. ECF No. 5. Even assuming the veracity of these allegations, McGinnis fails to state a denial-of-medical-care claim. First, McGinnis does not link any Defendant to the alleged denial of medical care. *See Hendon v. Witcher*, 308 F. App'x 43, 44 (9th Cir. 2008) ("The district court did not err when it dismissed [plaintiff's] . . . claim because he failed to allege a causal link between each named defendant and some affirmative act or omission that

demonstrated a violation of his constitutional rights.").  Instead, McGinnis claims

that "medical [broke] amendments of prisoner rights," hospitals did not provide

him with test results, and unidentified prison officials rushed a hospital visit.  ECF

No. 14 at 6.  The Court cannot discern how any named Defendant was involved in

these events.  Moreover, McGinnis does not allege how any Defendant was

deliberately indifferent to his serious medical needs.  *See Jett v. Penner*, 439 F.3d

1091, 1096 (9th Cir. 2006) (noting that the deliberate indifference standard is

satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain

or possible medical need and (b) harm caused by the indifference.").  McGinnis

does not say what he told any prison official about his medical needs, when he did

so, or how they responded.  *See Edmo*, 935 F.3d at 786 ("An inadvertent or

negligent failure to provide adequate medical care is insufficient to establish a

claim under the Eighth Amendment.").

To the extent McGinnis claims that he did not receive the "right

procedures," "[a] difference of opinion between a physician and the prisoner—or

between medical professionals—concerning what medical care is appropriate does

not amount to deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th

Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled on

other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en

banc).  Because McGinnis again fails to state a plausible denial-of-medical-care

claim, despite having four opportunities to do so, this claim is DISMISSED with prejudice.

## D.    First Amendment

McGinnis alleges in Count III that unidentified prison officials went through all his mail and failed to send it.  ECF No. 14 at 6.

Prisoners enjoy a First Amendment right to send and receive mail.  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209 (9th Cir. 2017); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nonetheless, prisons may adopt regulations or practices that impinge on a prisoner's First Amendment rights so long as the regulations are "reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987) (upholding a prison mail policy prohibiting inmate-to-inmate correspondence).  "Legitimate penological interests include security, order, and rehabilitation."  *Witherow*, 52 F.3d at 265 (internal quotation marks and citation omitted).  The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners.[4]  *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989).

---

[4]Four factors are considered in determining the reasonableness of a prison regulation:  (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the

To the extent McGinnis claims that prison officials "go through" his outgoing mail, he fails to identify the prison officials who allegedly did this and when they did so.  Moreover, it is settled that prison officials may inspect *non-legal* mail for contraband without violating a prisoner's constitutional rights. *See Witherow*, 52 F.3d at 265–66 (upholding inspection of outgoing mail); *Ullrich v. Canyon Cnty. Det. Ctr.*, 84 F. App'x 752, 755 (9th Cir. 2003) (concluding that policy of inspecting all outgoing and incoming mail was based on a legitimate penological interest).  Although McGinnis describes all his mail as "confidential," he does not allege that prison officials improperly read outgoing *legal* mail.  *See Nordstrom v. Ryan*, 72 F.3d 903, 910–11 (9th Cir. 2014).  McGinnis fails to state a claim based on the handling of his outgoing mail.

Regarding McGinnis' claim that prison officials did not send his outgoing mail, he also fails to identify the prison officials who were involved or when this allegedly occurred.  McGinnis also does not say how long prison officials waited to send his mail or if they entirely refused to do so.  *See Tomel v. Hawaii*, Civ. No. 09-00195 HG-KSC, 2009 WL 3922977, at *5 (D. Haw. Sept. 17, 2009) ("[A]llegations of an isolated delay or some other relatively short-term,

---

asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives", or, in other words, whether the rule at issue is an "'exaggerated response' to prison concerns." *Turner*, 482 U.S. at 89-90 (citations omitted).

non-content-based disruption in the delivery of inmate mail do not state a First Amendment claim."). McGinnis' claims in Count III based on the handling of his mail are DISMISSED with prejudice.

## E.   Doe Defendants

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an unknown or anonymous defendant. The use of doe defendants is therefore generally disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must still allege facts to support how each particular doe defendant violated the plaintiff's constitutional rights. The plaintiff may thereafter use the discovery processes to obtain the names of doe defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

McGinnis includes "ACO's in Halawa C.F." in the caption of the TAC. *See* ECF No. 14 at 1. He fails, however, to state a plausible claim against any unnamed prison official. Although McGinnis suggests that "other [ACOs]" used excessive force against him, he does not allege when this happened or how these officers' conduct caused him injury. Any claims against these unnamed prison officials are therefore also DISMISSED with prejudice.

## IV.   28 U.S.C. § 1915(g)

McGinnis is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Section 1915(g) bars a prisoner from proceeding in forma pauperis in a civil action:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.   CONCLUSION

The Third Amended Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for McGinnis' failure to state a colorable claim for

relief.  Because McGinnis has had four opportunities to state a colorable claim for relief and remains unable to do so, this dismissal is with prejudice and may later constitute a strike under 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to enter judgment and terminate this case.  McGinnis' request for counsel is DENIED as moot.

IT IS SO ORDERED.

DATED:  June 16, 2021 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*McGinnis v. Halawa Correctional Facility, et al.*; Civil No. 20-00567 DKW-KJM;
**ORDER DISMISSING THIRD AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**